**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**ENRIQUE ACOSTA,**
        **Plaintiff,**

vs.                                **Case No. 5:07cv82/MCR/MD**

**DR. MICHAEL NELSON, et al.,**
        **Defendants.**

---

**ORDER and
REPORT AND RECOMMENDATION**

      This case filed pursuant to 28 U.S.C. § 1331 and *Bivens*,[1] is before the court upon defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and supporting materials filed on February 2, 2009. (Docs. 67, 68). On February 3, 2009, the court entered an order informing the parties that the motion for summary judgment would be taken under advisement on March 5, 2009. (Doc. 69). The order further advised the parties of the importance and ramifications of Rule 56 summary judgment consideration, and directed the parties to file and serve, prior to the advisement date, affidavits and any other documents or materials authorized to be filed under Federal Rule of Civil Procedure 56. (*Id.*). Plaintiff did not respond. After ordering plaintiff to declare his continued interest in this case, plaintiff indicated he required more time, and was provided until April 29, 2009 to respond to defendants' motion. (Doc. 74). To date, no response has been received. Upon review of the record in this case, it is the opinion of the undersigned that this Court

---

[1]*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

is the improper venue for this cause of action, and that the case should be transferred to the United States District Court for the District of Columbia.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a federal inmate currently confined at the Federal Correctional Institution in Marianna, Florida ("FCI-Marianna") filed an amended complaint on August 29, 2007 naming two defendants: Harrell Watts, Administrator of National Inmate Appeals; and Unknown Named Personnel of the Office of Medical Designation and Transportation ("OMDT"). (Doc. 12). Plaintiff alleged that he was "suffering from an extr[e]mely painful and severe injury/deformation" to his elbow that "require[d]" surgery, and that the "den[ial]" of and "interferen[ce]" with that medical care by the defendants violated his rights under the Eighth Amendment. Plaintiff alleged that the denial of surgery in spite of his persistent pain and the "progressive deteriorating" of his arm constituted deliberate indifference to his serious medical needs.

The undersigned recommended dismissal of the complaint for failure to state a claim upon which relief may be granted. (Doc. 14). The District Judge adopted the Report and Recommendation, and dismissed this cause under 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 18). Plaintiff appealed. (Doc. 21). The United States Court of Appeals for the Eleventh Circuit affirmed in part, reversed in part, and remanded. (Doc. 47). Specifically, the court affirmed the dismissal of plaintiff's claim against defendant Watts and reversed the dismissal of plaintiff's claim against Unknown Named Personnel of the OMDT, remanding the case for further proceedings on that claim. The District Judge remanded the matter to the undersigned for further proceedings consistent with the Eleventh Circuit's remand. (Doc. 50).

In an attempt to ascertain the identities of the "Unnamed Personnel of the Office of Medical Designation," the undersigned reviewed the relevant Federal Bureau of Prisons ("BOP") Program Statement, and determined that the OMDT

official responsible for making designations, referrals and denials of medical transfers is the "Central Office Medical Designator."  *See* Federal Bureau of Prisons, U.S. Dep't of Justice, Program Statement No. 6270.01 (2005).  Therefore, that official was substituted as the remaining defendant. (Doc. 51). On September 23, 2008, the undersigned directed the United States Marshals Service to serve the amended complaint upon defendant Central Office Medical Designator, the Attorney General of the United States, and the United States Attorney for this District.  (Doc. 56). Acknowledgments of service were filed by the Attorney General of the United States and the United States Attorney.  (Docs. 58, 59).  On November 3, 2008, a Notice of Appearance was filed on behalf of the Central Office Medical Designator.  (Doc. 60). On December 2, 2008, a waiver of service was filed by one Yvonne Phillips, an employee within the office of the Central Office Medical Designator.  (Doc. 63).

Thereafter, counsel for Central Office Medical Designator filed a motion for extension of time to answer the amended complaint.  In his motion, counsel asserted that the waiver of service was executed and filed in error because the putative individual(s) had not been notified of the lawsuit and had not authorized another to accept service. (Doc. 61).  Counsel further stated that although the identities of the individual doctors involved in reviewing and denying plaintiff's medical requests had recently been ascertained (Dr. Michael Nelson and Dr. Betsy Hernandez-Ricoff), neither had been personally served or established an attorney-client relationship with counsel permitting counsel to waive service on either's behalf.  Counsel indicated that it was "probable" that the doctors would waive service, (*id.*, p. 3), and sought additional time in which to flesh out these issues and file a responsive pleading.  The court granted counsel's request for more time.

On December 22, 2008, the United States Marshals Service filed a Return, indicating that the summons and amended complaint had been served upon Kathy Harry, Executive Assistant of the "OGC."  (Doc.64).

After an additional extension, counsel for the defendants filed the instant

Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Doc. 67). Defendants Drs. Nelson and Hernandez-Ricoff move to dismiss this case for failure to state a cause of action, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief may be granted. In the alternative, defendants move for summary judgment on the grounds that there are no material facts in dispute and they must prevail as a matter of law. Although given over ninety days to respond, plaintiff has not done so.

## DISCUSSION

Defendants move for dismissal on several bases, including improper venue under Federal Rule of Civil Procedure 12(b)(3). Defendants argue that neither of them work or reside within this judicial district, and that the acts forming the basis of plaintiff's claims (their denial of plaintiff's request to be transferred to a BOP medical center for surgery) occurred at their former offices in Washington, D.C. (Doc. 67, pp. 10-13). In support of this defense, defendant Dr. Michael Nelson declares that he is currently employed by the BOP as the Medical Director for the BOP's North Central Region. He has held this position since September 2006, and his business office is located in Rochester, Minnesota. Prior to September 2006, he was employed as the BOP's Chief of Health Programs in the Health Services Division from September 1999 to June 2006. At that time, his office was located in Washington, D.C. (Doc. 68, Ex. 10, Nelson Aff. ¶ 1). As Chief of Health Programs, Dr. Nelson reviewed a medical referral request from FCI Marianna dated July 12, 2006, seeking to transfer plaintiff to a Medical Referral Center. Dr. Nelson denied that request based upon the available medical information, and he requested additional medical information from the institution. (*Id.*, ¶ 3).

Defendant Dr. Hernandez-Ricoff declares the following facts pertaining to the venue issue. She is currently employed by the BOP as the Regional Medical Director for the BOP's Southeast Region. Her office is located in Coleman, Florida. In

September 2006 she was Acting Chief of Health Programs in the Health Services Division, and she performed her duties relating to that position in Washington, DC. (Doc. 68, Ex. 12, Hernandez-Ricoff Aff. ¶ 1). As Acting Chief of Health Programs, Dr. Hernandez-Ricoff reviewed and denied a medical referral request from FCI Marianna dated July 12, 2006, with an addendum dated September 11, 2006, seeking to transfer plaintiff to a Medical Referral Center. (*Id.*, ¶ 3). The Court takes judicial notice that Coleman, Florida is located within the Middle District of Florida.

The venue statute, 28 U.S.C. § 1391(b), provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id.* Construing the facts from the pleadings and affidavits in a light most favorable to plaintiff, the record establishes that neither of the defendants work, reside, or may otherwise be found in this judicial district, and that the acts or occurrences forming the basis of plaintiff's claims occurred in Washington, D.C. Thus, the Northern District of Florida is not the proper venue for this case.

Title 28 U.S.C. § 1406 provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case could have been brought in the United States District Court for the District of Columbia, which is the judicial district in which the challenged actions were taken. In the interest of justice, the undersigned recommends transfer of this action to that District. Transferring this case would not substantially burden the defendants, who remain free to renew their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment in the

transferee court.[2]

Accordingly, it is ORDERED:

The Clerk shall change the docket to reflect that there are two defendants in this action: Dr. Michael Nelson and Dr. Betsy Hernandez-Ricoff.

And it is respectfully RECOMMENDED:

1. That defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment be (doc. 67) DENIED WITHOUT PREJUDICE

2. That the Clerk transfer this action to the United States District Court for the District of Columbia for further proceedings.

At Pensacola, Florida, this 19th day of May, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[2]The court brings two matters to defendants' attention. The first is the issue of service of process. Although defendants do not seek dismissal on the grounds of insufficient service of process, they emphasize in their motion to dismiss that service of process has not been obtained on them because neither has been personally served or waived service. (Doc. 67, p. 9). Defendants assert that "[w]hile ordinarily, that waiver would be forthcoming, in the instant case, the defendants cannot waive the requirement of service because of their position that the Court does not have jurisdiction over their person. To waive such service would have the effect of waiving the issue of whether this Court can exert jurisdiction over the person of the defendant." (*Id*., pp. 9-10). This position is contrary to the law. Federal Rule of Civil Procedure 4(d) explicitly provides, "Waiving service of a summons does not waive any objection to personal jurisdiction or to venue." Fed. R. Civ. P. 4(d)(5). Accordingly, defendants are put on notice that if they fail to waive service, the district court may impose on them the expenses incurred in making personal service. Fed. R. Civ. P. 4(d)(2)(A).

The second issue is defendants' contention that plaintiff's amended complaint fails to state a cause of action. Defendants' argued basis for dismissal is that a difference in medical opinion, or plaintiff's disagreement with the medical treatment provided, does not rise to the level of an Eighth Amendment violation. (Doc. 67, p. 25). The Court notes that this was precisely the position taken by this Court in initially dismissing plaintiff's amended complaint. (Docs. 14, 18). The Eleventh Circuti disagreed. (Doc. 47). That is not to say, however, that summary judgment is not warranted.

*Case No: 5:02cv304/RH/MD*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**